HARDY, Judge.
This is a compensation suit in which plaintiff seeks recovery for alleged total and permanent disability resulting from injuries sustained in two separate accidents. After trial there was judgment rejecting plaintiff’s demands, from which he has appealed.
The injuries sustained by plaintiff consisted of a fracture of the left ring finger and a fracture of the head of the second metatarsal bone of the left foot, resulting from the accidents which occurred on January 2, 1952 and February 25, 1952, respectively.
The testimony is conflicting, particularly that of the medical experts. Plaintiff was paid compensation for the period from January 2 through February 17, 1952, and for a period of four weeks from and after February 25, 1952.
We find no difficulty in concluding that plaintiff’s injuries did not result in total and permanent disability, but from our appreciation of the facts as established by the record we feel that plaintiff did suffer a total disability with respect to the performance of manual labor of the type in which he was engaged for an indeterminate period.
We note that trial was had on October 30, 1952, subject to the examination of plaintiff’s medical witness, Dr. A. Scott Hamilton, which was taken out of court on November 13, 1952. At the time this testimony was given Dr. Hamilton was unable to give any definite prognosis and made only a rather vague estimate as to the period of continuance of plaintiff’s disability.
Any pronouncements which we might make at this time as to the duration of plaintiff’s disability would, at best, be but an approximation. Ordinarily we would have no alternative except to fix this period as best we could under the evidence. However, we observe that judgment in this case was not rendered and signed until March 2, 1954, a period of more than fifteen months following the closing of the case. We feel that those facts which were uncertain of determination on November 13, 1952 had •become possible of definite ascertainment by March 2, 1954. A judgment which we might now render on the basis of an approximate estimate of disability could be *6 predicated upon developments during the intervening period of time which would be responsive to positive and certain evidence. Under these circumstances we think the interest of justice as between the parties would best be served by remanding this case for further proceedings under the authority of Article 906 of the Code of Practice.
Accordingly, it is ordered that this cause be and it is hereby remanded to the Honorable the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana, with instructions that the case be reopened and testimony be received bearing upon the continuance of any disability suffered by plaintiff, as the result of the accidents which have 'been made the basis of this action, from and after date of November 13, 1952, following which the complete record containing such evidence be returned to this court for disposition of this appeal. All costs are to await final determination hereof.